UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2015 JAN 16 PM 2 18
U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| MICHAEL J. GILL, <br> Plaintiff <br><br> v. <br><br> EDWARD W. LITTLE, JR., <br> Defendant | CIVIL ACTION NO. |

## VERIFIED COMPLAINT AND JURY DEMAND

### INTRODUCTION

By this action, the Plaintiff, Michael J. Gill ("Mr. Gill" or "Plaintiff") seeks equitable relief and damages. This case arises out of claims for legal malpractice and other wrongdoing by Edward W. Little, Jr. ("Attorney Little" or "Defendant") of Newburyport, MA. Attorney Little witnessed firsthand the unlawful and unethical behavior of several attorneys who were at that time still actively involved in Mr. Gill's divorce and other pending litigation. Attorney Little's legal malpractice stems from his refusal to file a timely complaint against other attorneys who were being accused of malpractice and conspiracy after being repeatedly asked by Mr. Gill. Attorney Little was aware of a substantial conspiracy designed to protect other colleague attorneys. Attorney Little's failure to obtain his New Hampshire law license, hindered the litigation process of the Plaintiff, Mr. Gill. Additionally, Attorney Little sent Mr. Gill a series of text messages which were not only threatening in nature, but also confirmed Mr. Gill's suspicions and accusations about the illegal behavior of several of his former attorneys.

## PARTIES

1. Plaintiff, Mr. Gill is a natural person residing in Derry, New Hampshire.

2. Defendant, Attorney Little is a natural person residing in Newburyport, Massachusetts.

3. Defendant, Attorney Little, was hired by Mr. Gill to work as General Counsel for himself and his company, The Mortgage Specialists, Inc., beginning on October 1, 2012. He resigned on April 4, 2013.

## JURISDICTION AND VENUE

4. Attorney Little is a Massachusetts attorney who resides in Newburyport.

5. This Court has subject matter jurisdiction over this case as the matters in controversy exceed the sum or value of $25,000, exclusive of interests and costs.

## STATEMENT OF FACTS

6. Attorney Little indicated that he held licenses to practice law only in Massachusetts and Virginia, but as part of his employment agreement he indicated that he would obtain a license to practice in New Hampshire.

7. Attorney Little represented the Plaintiff from October, 2012 to April, 2013, on several cases in New Hampshire Superior Court. Because of his lack of a New Hampshire license, in order to represent the Plaintiff, Attorney Little had to be admitted *pro hac vice* under the licenses of Attorneys Robert Jutras and Thomas MacMillan.

8. When Attorney Little complained about the volume of work and indicated that he needed the help of another attorney, Mr. Gill agreed that he would consider bringing on another attorney to assist.

9. The attorney that was selected by the Defendant was Anthony Augeri. When Mr. Gill realized that Attorney Augeri had previously worked for at least three (3) law firms, Morrison

Mahoney, LLP, McLane Graf & Raulerson, and Devine, Millimet & Branch, all of whom were being sued by Mr. Gill, he declined to hire Mr. Augeri.

10. Attorneys Little and Augeri, presented an argument that Mr. Augeri's previous employment would not be an issue and eventually they persuaded Mr. Gill to hire Augeri. Augeri was brought in to watch Ted to make sure he followed through on the orders and demands of these law firms.

11. The Defendant did not act in the best interest of his client, Mr. Gill. One such example would be during a hearing to determine specific dates for a statute of limitations, Attorney Little objected to Mr. Gill's testimony on at least three (3) occasions, additionally, Attorney Little was acting erratically, turning red and pulling his hair to the point that it was standing up straight. This behavior was witnessed by not only Mr. Gill, but also Attorneys Jutras and MacMillan as well as opposing counsel. Had to throw the hearing of statute of limitations to get the defendants kicked out, and that is exactly what he did.

12. During the course of his employment, the Plaintiff requested numerous times, that the Defendant draft a complaint against the law firm of Morrison Mahoney, LLP and Attorneys Nicholas Alexander and Eric Renner.

13. When the Defendant finally gave the Plaintiff an initial draft for review, it was full of errors and significantly downplayed the wrong doing of the Attorneys involved. It was written this way intentionally to have the case thrown out.

14. The day before the Defendant submitted his resignation, he was seen bringing a large pile of papers to a paper shredder in the office.

15. The day of his resignation, the Defendant was seen leaving with three (3) large bags, that appeared to be full of something, slung over his shoulder. It should be noted that the Defendant

had virtually no personal items in his office and certainly not enough items to fill three (3) large bags. The day he left was the day he was to file the complaint against Morrison Mahoney, LLP in it's corrected form. His sole purpose of coming to work for the Plaintiff was to destroy evidence and get the other defendants past statutes of limitations.

16. During the course of his employment, Attorney Little never attempted to obtain his New Hampshire license even though he was qualified to wave in which would have only required filing paperwork, paying a fee and upon acceptance, appearing in Concord, NH to be sworn in.

17. Approximately one year after Attorney Little gave his resignation, Mr. Gill received a series of text messages. These text messages were life threatening in nature toward Mr. Gill and his family, but provided confirmation of Mr. Gill's suspicions of the corrupt behavior of his previous attorneys. They refer to the criminality in the courts and the defense attorneys and insurers that he was working for. It is believed that he is being leveraged by these law firms and insurers. Based on the information that was provided in the text messages, it is now believed that the sender of the messages was Mr. Little.

## STATEMENT OF CLAIMS

## COUNT I

### Malpractice/ Negligence

18. Paragraphs 1 through 17 above are hereby incorporated by reference as if fully set forth herein.

19. An attorney-client relationship existed between Plaintiff and Attorney Little because Defendant was hired to provide legal counsel to the Plaintiff.

20. As a result of attorney-client relationship, Attorney Little owed a duty of care and skill to the Plaintiff.

21. An attorney exercising the knowledge, skill and ability ordinary possessed and exercised by members of the legal profession in similar circumstances would have timely drafted a complaint of legal malpractice against the attorneys he knew committed negligence/malpractice or breached their fiduciary duties.

22. As a direct and proximate result of the failure to timely draft and properly file, Plaintiff has been harmed.

23. Attorney Little has engaged in acts of negligence and clearly violated the Massachusetts Rules of Professional Conduct.

## COUNT II

### Breach of Fiduciary Duty

24. Paragraphs 1 through 23 above are hereby incorporated by reference as if fully set forth herein.

25. As a result of attorney- client relationship between Plaintiff and Attorney Little, Attorney Little owed a fiduciary duty to Plaintiff.

26. As a direct and proximate result of the failure to timely and properly file, Plaintiff has been harmed.

27. Attorney Little has breached his fiduciary duties and clearly violated the Massachusetts Rules of Conduct.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

## JURY DEMAND

**The Plaintiffs hereby demand a jury for all counts so triable.**

WHEREFORE, the plaintiff, Michael J. Gill, prays that this Honorable Court enter judgment in their favor for all counts and award Plaintiff:

A. Damages and costs to Plaintiff, including but not limited to all or a portion of attorney's fees and other costs expended, and attorney's fees and costs already paid to defendants;

B. Damages and costs for professional malpractice;

C. Damages and costs for breach of fiduciary duty;

D. Disgorgement of all monies paid to the defendant;

E. Non-punitive damages, attorney's fees and costs associated with bringing this action; and

F. Such further relief as this honorable court deems just and equitable.

Dated: January 16, 2015                Respectfully submitted,

/s/ Michael J. Gill
Michael J. Gill, *Pro Se*
69 Conley's Grove Road
Derry, NH 03038
Tel. No.: (603) 819-3419

VERIFICATION

I, Michael J. Gill, do hereby declare that I have drafted the foregoing Complaint and know the contents thereof. The same is true to my knowledge except to those matters that are alleged on information and belief; as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 16th day of January, 2015 in Plaistow, Rockingham County, State of New Hampshire.

_____
Michael J. Gill, *Pro Se*