# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|                               |   |                    |
|-------------------------------|---|--------------------|
| MICHAEL J. GILL,              | ) |                    |
| Plaintiff,                    | ) |                    |
| v.                            | ) | Civil Action No.   |
|                               | ) | 15-10117-FDS       |
| EDWARD W. LITTLE, JR.,        | ) |                    |
| Defendant.                    | ) |                    |

## MEMORANDUM AND ORDER

SAYLOR, J.

On January 16, 2015, plaintiff Michael J. Gill filed a complaint against defendant Edward W. Little, Jr., alleging legal malpractice, negligence, and breach of fiduciary duty. In alleging subject-matter jurisdiction, the complaint states: "The Court has subject matter jurisdiction over this case as the matters in controversy exceed the sum or value of $25,000, exclusive of interests and costs." (Compl. at 2). It further states that plaintiff is a resident of New Hampshire and that defendant is a resident of Massachusetts, apparently invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (*Id.*).[1]

On April 12, 2015, defendant moved to dismiss the action based on lack of subject-matter jurisdiction. In the memorandum accompanying the motion to dismiss, defendant correctly points out that federal diversity jurisdiction is limited to cases in which "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). Here, as defendant

---

[1] The complaint does not specifically cite to any federal statute as providing the basis for jurisdiction. The civil cover sheet filed with the complaint indicates that the basis of jurisdiction is a "federal question" (pursuant to 28 U.S.C. § 1331), but the complaint makes no reference to federal-question jurisdiction and does not appear to state any claims that could be plausibly argued to arise under federal law.

further notes, the complaint alleges only that the matter in controversy exceeds $25,000. Plaintiff has not responded to the motion to dismiss.

Based on the face of the complaint, the required amount in controversy appears lacking and the Court does not appear to have subject-matter jurisdiction. Although it is possible that the amount in controversy could exceed $75,000, it is plaintiff's burden to demonstrate that the amount in controversy has been met. *See Abdel-Aleem v. OPK Biotech LLC*, 665 F.3d 38, 41 (1st Cir. 2012). That burden is not onerous at the pleading stage; a good-faith assertion of the amount is all that is required. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 276 (1977) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). Here, however, the complaint does not even allege the required amount in controversy. Moreover, plaintiff has not responded to the motion to dismiss, and he has provided the Court with no other basis on which it could conclude that it has subject-matter jurisdiction.

Accordingly, the matter is DISMISSED for lack of subject-matter jurisdiction.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: May 6, 2015                     United States District Judge